**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| APCC SERVICES, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 01-641 (ESH) |
| QWEST COMMUNICATIONS CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Qwest's Motion to Dismiss Certain Claims for Lack of Subject Matter Jurisdiction. Qwest argues that all claims by APCC that predate the FCC's October 2003 Order regarding dial-around compensation must be dismissed as an impermissible retroactive application of a legislative (as opposed to an interpretive) rule. Qwest premises its argument on the contention that the Supreme Court, in *Global Crossing Telecommunications, Inc. v. Metrophones Telecommunications, Inc.*, 127 S. Ct. 1513 (2007), concluded that the 2003 Order was a legislative rule, and therefore based on the fundamental principles of administrative law, plaintiffs cannot recover damages for claims that predate the FCC's 2003 Order.

Having carefully reviewed the *Global Crossing* decision, this Court finds defendant's argument to be without merit. The Supreme Court did not decide that the 2003 Order was a legislative rule. Rather, the Court had before it claims that predated the 2003 Order and found that these claims were cognizable under Section 201(b) of the Telecommunications Act of 1934, 47 U.S.C. § 201(b), and that a violation of Section 201(b) can be privately enforced under Section 207. *See Global Crossing*, 127 S. Ct. at 1520. In reaching this conclusion, it embraced

the dissent by Chief Judge Ginsburg of this Circuit in *APCC Services, Inc. v. Sprint Communications Co.*, 418 F.3d 1238, 1253 (D.C. Cir. 2005), which supports the view that the 2003 Order was interpretive, not legislative.[1]  Further support for this conclusion can be gleaned from the fact that this very argument was presented by defendant to the Circuit Court on remand from the Supreme Court, and while the Court did not rule definitively on the question, it summarily denied the rehearing petition and remanded *all* of plaintiffs' claims to this Court.  *See APCC Servs., Inc. v. Sprint Commc'ns Co.*, No. 04-7034, 2007 WL 2697365, at *1 (D.C. Cir. Aug. 29, 2007); *APCC Servs., Inc. v. Sprint Commc'ns Co.*, 489 F.3d 1249, 1250 (D.C. Cir. June 8, 2007).

The Court is also unpersuaded by defendant's alternative argument regarding the claims of the D&B plaintiffs.  Given the unique factual circumstances regarding their claims, the Court is unwilling to view the MDL decision regarding the statute of limitations as the law of the case in this proceeding.

Accordingly, Qwest's Motion to Dismiss [Dkt. # 42] is **DENIED**.  Plaintiffs' Motion for Leave to File Sur-Reply [Dkt. #45] is also **DENIED** as moot.

**SO ORDERED.**

                                                      /s/
                                    ELLEN SEGAL HUVELLE
                                    United States District Judge

Date:   October 25, 2007

---

[1] As Chief Judge Ginsburg stated in his dissent, in its 2003 Order "the agency made express what had previously been implied, namely, that 'failure to pay in accordance with the Commission's payphone rules, such as the rules expressly requiring such payment that we adopt today, constitutes . . . an unjust and unreasonable practice in violation of section 201(b) of the Act.'" *APCC Servs., Inc.*, 418 F.3d at 1253-54 (Ginsburg, C.J. dissenting) (quoting *Pay Telephone Reclassification and Compensation Provisions*, Report & Order, 18 F.C.C.R. 19975 ¶ 32, 2003 WL 22283556 (2003)).